UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )   No. 4:13-CR-341 RWS |
| | ) |
| **BURTON DOUGLAS MORRISS,** | ) |
| | ) |
| Defendant. | ) |

**SENTENCING HEARING**

**BEFORE THE HONORABLE RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE
DECEMBER 19, 2013**

```
APPEARANCES:
For Plaintiff:      Thomas C. Albus, Esq.
                    OFFICE OF THE U.S. ATTORNEY
                    111 South 10th Street, 20th Floor
                    St. Louis, MO  63102

For Defendant:      Catherine L. Hanaway, Esq.
                    ASHCROFT HANAWAY, LLC
                    222 South Central Avenue, Suite 110
                    Clayton, MO  63105

                    Lisa A. Ottolini, Esq.
                    HUSCH BLACKWELL, LLP
                    190 Carondelet Plaza, Suite 600
                    Clayton, MO  63105

Reported By:        SHANNON L. WHITE, RMR, CRR, CSR, CCR
                    Official Court Reporter
                    United States District Court
                    111 South Tenth Street, Third Floor
                    St. Louis, MO  63102
                    (314) 244-7966


    PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION
```

1       **(PROCEEDINGS STARTED AT 11:05 AM.)**

2    **(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT AND WITH**

3                    **THE DEFENDANT PRESENT:)**

4            THE COURT:  Good morning.  We're here this morning in

5    the case styled United States of America against Burton

6    Douglas Morriss, Cause No. 4:13-CR-341.  Would counsel make

7    their appearances, please?

8            MR. ALBUS:  Assistant United States Attorney Tom

9    Albus for the Government, Your Honor.

10           MS. HANAWAY:  Catherine Hanaway representing Doug

11   Morriss, Your Honor.

12           THE COURT:  And Mr. Morriss is present; is that

13   correct?

14           MS. HANAWAY:  Yes.

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Morning, sir.

17           Counsel, have you and Mr. Morriss had the opportunity

18   to read, review, and discuss the presentence report in this

19   matter?

20           MS. HANAWAY:  Yes, Your Honor.

21           THE COURT:  On behalf of Mr. Morriss, are there any

22   objections to the factual statements in the presentence

23   report?

24           MS. HANAWAY:  No, Your Honor.

25           THE COURT:  Any objections to the factual statements

1  in the presence report on behalf of the United States
2  Attorney?
3            MR. ALBUS:  No, Your Honor.
4            THE COURT:  There being no objections to the factual
5  statements in the presentence report, I adopt those statements
6  as the findings of fact in this proceeding.
7            Are there any departure motions on behalf of the
8  United States Attorney?
9            MR. ALBUS:  No, Your Honor, but we do have an
10 agreement that we'd like to make part of the record at side
11 bar at this time, if that's all right with the Court.
12           THE COURT:  Do you want Mr. Morriss to come up?
13           MR. ALBUS:  Sure.
14 **(A BENCH CONFERENCE WAS HELD ON THE RECORD AND ITS CONTENTS**
15 **ORDERED SEALED BY THE COURT.)**
16           THE COURT:  Any departure motions on behalf of Mr.
17 Morriss?
18           MS. HANAWAY:  No, Your Honor.
19           THE COURT:  Finally, sir, there is a statute that
20 lists a number of factors I'm required to consider before I
21 can determine the appropriate sentence in your case or any
22 case.
23           With that being said, save for allocution and
24 discussion of those sentencing factors, does either attorney
25 know of any reason why we should not proceed to the imposition

1  of sentence?

2         MR. ALBUS:  No, Your Honor.

3         MS. HANAWAY:  No, Your Honor.

4         THE COURT:  Mr. Morriss, before sentence is imposed,
5  sir, you have the opportunity to speak today.  You can speak
6  directly, you can ask your attorney to speak for you, or you
7  both may speak, however you see fit, but if there's anything
8  you would like to say, now is the time.

9         THE DEFENDANT:  No, sir.  Thank you.

10         THE COURT:  Counsel?

11         MS. HANAWAY:  Nothing for me, sir.

12         THE COURT:  Mr. Albus, on behalf of the United States
13  Attorney, anything?

14         MR. ALBUS:  Yeah, thank you, Your Honor.  I will
15  say -- first, let me say that Mr. Morriss has conducted
16  himself honorably throughout this entire investigation, and it
17  has been a lengthy one.  And I do recognize that there is a
18  lot of achievements and family support and other matters in
19  the presentence report that are very much to his credit.

20         I'd also like to say publicly that I am grateful to
21  Mrs. Hanaway for her counsel throughout this process and her
22  professionalism.

23         That having been said, I think the parties are going
24  to recommend a sentence of 60 months' imprisonment for the
25  defendant, as well as the restitution that's set forth in the

1    presentence report, to be followed by a term of three years of
2    supervised release.
3            Because of all the factors set forth in the
4    presentence report, I think it's appropriate that no fine be
5    imposed with the exception of the mandatory special assessment
6    of $100.
7            Your Honor, the tax loss in this case is in excess of
8    $5 million, and that's more money than the vast majority of
9    Americans will ever earn as income in their lifetimes.  So I
10   think under the guidelines it's fair to say -- and I think the
11   parties agree -- that this is a very serious offense and that
12   the sentence should deter others from engaging in similar
13   conduct and reflect the seriousness of that offense.  Thank
14   you.
15           THE COURT:  Ms. Hanaway, do you agree with what the
16   Assistant U.S. Attorney just said?
17           MS. HANAWAY:  We agree that we have an agreement with
18   respect to --
19           THE COURT:  Yeah.  I don't ask you to concede the
20   rest of it.
21           MS. HANAWAY:  And that Mr. Morriss has conducted
22   himself honorably, and the Government has dealt with us
23   honorably as well.
24           THE COURT:  But the terms of the agreement are --
25           MS. HANAWAY:  The terms of the agreement are agreed.

1           THE COURT:  I didn't mean for you to acquiesce to the
2  rest of it.
3           Anything further?
4           MR. ALBUS:  No, thank you, Judge.
5           THE COURT:  As counsel know, when adversaries agree I
6  am loth to substitute my judgment for when counsel are able to
7  reach an accommodation in matters such as this, and I will
8  give effect to the agreement that Mr. Morriss has negotiated
9  with the United States Attorney's office.
10          As a result, sentence will be imposed as follows:
11 Pursuant to the Sentencing Reform Act of 1984 and the
12 provisions of 18, United States Code, 3553(a), Douglas Morriss
13 is hereby committed to the custody of the Bureau of Prisons to
14 be imprisoned for a term of 60 months.
15          Upon your release from imprisonment, you're to be
16 placed on supervised release for three years.  Within 72 hours
17 of your release, you are to report in person to the probation
18 office in the district to which you are released.
19          While on supervision you are to comply with the
20 standard conditions that have been adopted by this Court and
21 with the following additional conditions:
22          You are to refrain from any unlawful use of a
23 controlled substance and submit to a drug test within 15 days
24 of your release and at least two periodic drug tests
25 thereafter for use of a controlled substance.

7

1        You are to provide the probation office and the U.S.
2   Attorney's office access to any and all financial information.
3   You're advised they may share that information with each
4   other.
5        You may not open any new credit charges or additional
6   lines of credit without the approval of the probation office
7   until the restitution is repaid.
8        You are to apply any money you receive from
9   anticipated or unexpected financial gains, and that includes
10  income tax refunds, inheritances, or judgments to the
11  court-ordered financial obligation.
12       You are to make restitution under the statute in the
13  amount of $5,559,386 to the Internal Revenue Service.
14       Now, you need to make the payments to the clerk of
15  court so we can keep track, and that will avoid any confusion
16  between the court and the Internal Revenue Service.  So don't
17  pay the IRS directly.
18       And I am going to waive any interest requirement that
19  may have otherwise attached, so it's the principal balance is
20  the amount due.
21       MS. HANAWAY:  Thank you, Your Honor.
22       THE DEFENDANT:  Thank you.
23       THE COURT:  All criminal monetary penalties are due
24  in full immediately.  You are to pay the penalties through the
25  clerk, as I said.  If you cannot pay in full immediately, you

1  are to make payments upon your release of at least $1,000 a
2  month, or not less than 10 percent of your gross earnings,
3  whichever is more.  Payments are to begin 30 days after your
4  release.
5         Until all criminal monetary penalties are paid in
6  full, you are to notify the court and the U.S. Attorney's
7  office of any material changes in your economic circumstances
8  that might affect your ability to pay.
9         And you're to notify the U.S. Attorney's office of
10 any change in mailing or residence address that occurs until
11 the money is paid in full.
12        You are, of course, to file all correct tax returns
13 and forms required by the income tax laws of the United
14 States, pay any taxes owed, and as requested by the probation
15 office, provide copies of all such tax forms that are filed.
16        You may not be self-employed or employed as a
17 consultant without the written permission of the probation
18 office.  You are not to create, operate, manage, or
19 participate in the creation, operation, or management of any
20 business entity, including a family business, without first
21 obtaining written permission from the probation office.
22        You are to submit your person, residence, office, or
23 vehicle to a search conducted by the probation office at a
24 reasonable time, in a reasonable manner, based upon any
25 reasonable suspicion of contraband or evidence of a violation

1  of a condition of your release.  You are to warn anyone else
2  who resides with you that they are subject to the search
3  condition as well.
4         Under the circumstances and given the amount of
5  restitution, I find you don't have the ability to pay a fine,
6  so no fine will be imposed.
7         It is further ordered that you are to pay to the
8  United States a special assessment in the amount of $100 which
9  is due today.
10        Are there any objections to the Court's findings of
11 fact, conclusions of law, the manner in which the sentence was
12 pronounced, or the manner in which the hearing was conducted?
13        MR. ALBUS:  Your Honor, I have one matter, and I'm
14 sorry I didn't bring it up until now.  With respect to the
15 restitution, the presentence report sets forth that the
16 restitution is owed pursuant to 18, United States Code,
17 Section 3663(a).
18        THE COURT:  Correct.
19        MR. ALBUS:  Now, there is some issue -- that's the
20 mandatory restitution section of Title 18, and to the extent
21 there would ever be a controversy as to whether a income tax
22 case is not subject to that provision, the Court is also
23 authorized elsewhere in Title 18 to order restitution where
24 it's agreed to by the parties.  And so I just ask that the
25 judgment also note that --

```
 1            THE COURT:  Reflect that it is as otherwise agreed
 2   to; is that correct?
 3            MR. ALBUS:  That would be my request.
 4            MS. HANAWAY:  I have no objection to that, Your
 5   Honor.
 6            THE COURT:  Okay.  The judgment will so reflect.
 7       Anything further?
 8            MR. ALBUS:  No, thank you, Judge.  It would be the
 9   Government's recommendation --
10            THE COURT:  Any other objections, I should say?
11            MR. ALBUS:  No objections.
12            MS. HANAWAY:  No objections, Your Honor.
13            THE COURT:  Sentence will be imposed as stated.
14       If you want to appeal, you need to do so within 14
15   days.  Your attorney will file the notice for you if you ask
16   her to do so.  If for some reason you can't get that done, you
17   can ask the clerk and she'll file it.  If you cannot afford
18   the filing fee, it is possible, upon a proper motion, the fee
19   would be waived.
20       Any other matters for the Court's consideration
21   today?
22            MS. HANAWAY:  Your Honor, we would like you to make a
23   recommendation to the Bureau of Prisons that Mr. Morriss serve
24   his time in Yankton, South Dakota at the minimum security
25   facility there.
```

11

1  MR. ALBUS:  No objection.

2  THE COURT:  I will certainly make that
3  recommendation.  I'm sure your attorney has explained to you
4  that's executive branch of government, and I can recommend but
5  I cannot direct.

6  And any objection to remaining on bond pending
7  self-surrender?

8  MR. ALBUS:  No.  That would be our request.

9  THE COURT:  Okay.  You are to surrender yourself to
10  the Bureau of Prisons facility designated to you by the U.S.
11  Marshal Service.  All the terms and conditions of your release
12  remain in effect until you're given that notification.

13  Anything further?

14  MR. ALBUS:  No, thank you, Judge.

15  MS. HANAWAY:  Nothing, Your Honor.

16  THE COURT:  Thank you very much.

17  **(PROCEEDINGS CONCLUDED AT 11:17 AM.)**

CERTIFICATE

    I, Shannon L. White, Registered Merit Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

    I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

    I further certify that this transcript contains pages 1 through 12 inclusive and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

    Dated at St. Louis, Missouri, this 6th day of January, 2014.

                    _____
                      /s/Shannon L. White
                      Shannon L. White, RMR, CRR, CCR, CSR
                      Official Court Reporter